IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-01330-CMA-BNB

DANA BALDUKAS, on behalf of herself and all others similarly situated,

Plaintiff,

v.

B&R CHECK HOLDERS, INC., d/b/a Loan Stop of Colorado,

Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter arises on **Defendant's Rule 12(b)(6) Motion to Dismiss With Prejudice**
[Doc. # 13, filed 7/20/2012] (the "Motion to Dismiss").  I respectfully RECOMMEND that the
Motion to Dismiss be GRANTED IN PART and DENIED IN PART, as specified.

I.

The Complaint [Doc. # 1] includes the following allegations:

1.      The plaintiff entered into a loan agreement with the defendant ("Loan Stop") in
May 2011.  Complaint [Doc. # 1] at ¶11.  The loan was for $500.  Id.

2.      The Promissory Note between the plaintiff and Loan Stop is attached to the
Complaint as Exhibit A, Complaint [Doc. # 1] at ¶11, and provides:

> Your payment schedule will be: 6 Payments of $132.11 due
> monthly beginning 6/23/2011.  Prepayment:  If you pay off early
> you will not have to pay a penalty and you may be entitled to a
> refund of part of the finance charge.
>                    *    *    *
> Under Colorado law, loans may be structured to be repaid in a
> single installment or multiple installments.  Loan Stop allows for
> multiple installment payday loans.

Promissory Note [Doc. # 1-1].

3.      As a part of the loan agreement, the plaintiff executed an Authorization

Agreement which allowed Loan Stop to electronically debit funds from her checking account.

Id. at ¶12.  The Authorization Agreement states:

> I hereby authorize Loan Stop, to initiate debit/credit entries to my
> account on which the subject of this agreement is drawn and the
> Financial Institution at which the account is held to debit/credit the
> same to such account.  If my loan shall go into default, I agree that
> the balance may be collected electronically from my checking
> account including the $25 returned check charge.  This authority is
> to remain in full force and effect until Loan Stop and the subject
> Financial Institution have received written notification from me of
> its termination in such time and in such a manner as to afford Loan
> Stop and the Financial Institution a reasonable opportunity to act
> on it.  The address is listed above.  I understand that I may cancel
> this authorization by providing written notice to Loan Stop at least
> ten (10) business days prior to the payment due date.  I further
> understand that canceling my authorization does not relieve me of
> the responsibility of paying all amounts due in full.

Authorization Agreement [Doc. # 1-2].

## II.

The plaintiff asserts two claims for relief pursuant to the Electronic Fund Transfer Act

(the "EFTA"), 15 U.S.C. § 1693 et seq.  First, the plaintiff claims that the Authorization

Agreement violates 15 U.S.C. § 1693e(a) and Regulation E (12 C.F.R. § 205 et seq.) "by

requiring [the plaintiff] to provide ten (10) days written notice to cancel or stop payment of a

preauthorized electronic fund transfer, thus limiting the more generous cancellation rights legally

provided to [the plaintiff] pursuant to the EFTA and Regulation E."  Complaint [Doc. # 1] at

¶29.

Second, the plaintiff alleges Loan Stop violated 15 U.S.C. §1693l by entering into a

written agreement that contains provisions which constitute "a waiver of any right conferred" by the EFTA.  In particular, the plaintiff claims that the Authorization Agreement contains a waiver of her right, conferred by 15 U.S.C.§ 1693e(a), to "stop payment of a preauthorized electronic fund transfer by notifying the financial institution orally or in writing at any time up to three business days preceding the scheduled date of such transfer."

The defendant has moved to dismiss the Complaint on the following grounds:

(1)     The EFTA and Regulation E do not apply here because the transaction did not involve preauthorized electronic fund transfers.  According to Loan Stop, "[t]he transaction at did not involve a preauthorized electronic fund transfer because the transaction involved [p]laintiff paying off one, isolated, short-term $500 loan, either by one payment, or more payments, but limited to a maximum of six payments,"  Motion to Dismiss [Doc. # 13] at p. 5;

(2)     The stop payment provisions of the EFTA and Regulation E, by their express terms, apply only to financial institutions and not to third party payees such as Loan Stop, and Loan Stop's Authorization Agreement did not have any effect on the plaintiff's rights to stop payments with her financial institution; and

(3)     Nothing in the Authorization Agreement between Loan Stop and the plaintiff waived her stop payment rights under the EFTA as between the plaintiff and her financial institution.

## III.

The district judge has articulated the applicable standard of review on a motion to dismiss under Rule 12(b)(6) as follows:

> The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6)
> for failure to state a claim is to test the sufficiency of the

allegations within the four corners of the complaint.  A complaint will survive such a motion only if it contains enough facts to state a claim to relief that is plausible on its face.  For a motion to dismiss, the question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law.  The plausibility standard is not akin to a probability requirement, by it asks for more than sheer possibility that a defendant has acted unlawfully.

In reviewing a Rule 12(b)(6) motion, a court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff.  Nevertheless, a complaint does not suffice if it tenders naked assertions devoid of further factual enhancement.  The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.

Church v. Dana Kepner Co., Inc., 2012 WL 4086517 *1 (D. Colo. Sept. 16, 2012)(Arguello, J.)(internal quotations and citations omitted).  In addition, exhibits that are attached to a complaint properly are treated as part of the pleading for purposes of ruling on a motion to dismiss.  Industrial Constructors Corp. v. Bureau of Reclamation, 15 F.3d 963, 964-65 (10thCir. 1994).

IV.

A.   The Transaction Involves Preauthorized Electronic Fund Transfers

The plaintiff alleges that Loan Stop, through the Authorization Agreement, violated § 1693e of the EFTA and Regulation E.  The EFTA provides at 15 U.S.C. § 1693e:

(a)  A preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made.  **A consumer may stop payment of a preauthorized electronic fund transfer by notifying the financial institution orally or in writing at any time up to three business days preceding the scheduled date of such transfer.**  The financial

4

institution may require written confirmation to be provided to it within fourteen days of an oral notification if, when the oral notification is made, the consumer is advised of such requirement and the address to which such confirmation should be sent.

(Emphasis added.)  Similarly, Regulation E provides at 12 C.F.R. 205.10(c):

Consumer's right to stop payment--

(1)  Notice.  A consumer may stop payment of a preauthorized electronic fund transfer from the consumer's account **by notifying the financial institution orally or in writing at least three business days** before the scheduled date of the transfer.

(Emphasis added.)

The plaintiff alleges that Loan Stop violated these provisions because its Authorization Agreement with the plaintiff may be terminated only "by written notice," Authorization Agreement [Doc. # 1-2], not orally, and "at least ten (10 ) business days prior to the payment due date," id., rather than three days as the EFTA provides.

Loan Stop first argues that the stop payment provisions of the EFTA and Regulation E do not apply because the transaction at issue here does not involve a "preauthorized electronic fund transfer" within the meaning of the EFTA.  Specifically, Loan Stop argues that this transaction concerns "paying off one, isolated, short-term $500 loan, either by one payment, or more payments, but limited to a maximum of six payments," Motion to Dismiss [Doc. # 13] at p. 5, and because the transaction does not involve "recurring, substantially regular payments to, for example, a phone, electric, or car insurance company."  Id.  I disagree.

The EFTA defines a "preauthorized electronic fund transfer" as "an electronic fund transfer authorized in advance to recur at substantially regular intervals."  15 U.S.C. § 1693a(10).  Loan Stop does not dispute that the transaction involves an "electronic fund

transfer."[1]  Instead, the thrust of its argument is that this transaction does not necessarily involve withdrawals "to recur at substantially regular intervals."

Contrary to Loan Stop's argument, the fact that the plaintiff may prepay the entire loan in a single payment without penalty does not negate the fact that the Authorization Agreement authorizes in advance direct withdrawals from the plaintiff's account to occur monthly for not more than six months.  As Loan Stop notes in its Motion to Dismiss, "Congress' intent . . . was to set 'minimum safeguards for consumers who **arrange** for regular payments (such as insurance premiums or utility bills) to be deducted automatically from their bank accounts.'  S. Rep. No. 95-915, at 9415 (1978)."  Motion to Dismiss [Doc. # 13] at p. 5 (emphasis added.)  The statute applies where electronic fund transfers are preauthorized by the consumer, whether or not the preauthorized transfers actually do (or must) occur.

Loan Stop emphasizes the limited duration of the preauthorization--not more than six months--and contrasts that to the generally indefinite duration of other transactions frequently subject to preauthorization, e.g. insurance premiums and utility and telephone bills.  The statute does not require that a preauthorization be indefinite, however.  Instead, the preauthorization must be for a transaction that will "recur at substantially regular intervals."  15 U.S.C. § 1693a(10).  "Recur" means to "happen, come up, or show up again or repeatedly."  American Heritage Dictionary of the English Language 1090 (1971).  It imposes no minimum number of times that the event must be repeated.  See Mitchem v. GFG Loan Co., 2000 WL 294119 (N.D.

---

[1]An electronic fund transfer under the act is "any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account," including direct withdrawals of funds.  15 U.S.C. §1693a(7).

Ill. Mar. 17, 2000)(denying motion to dismiss where transactions at issue were "closed-end, two week loans").

It cannot reasonably be doubted that payments due "monthly," Promissory Note [Doc. # 1-1], occur at "substantially regular intervals."

The Motion to Dismiss [Doc. # 13] should be denied insofar as it seeks dismissal of the plaintiff's first claim for relief as not involving a preauthorized electronic fund transfer.

    B.  <u>The Stop Payment Provisions of § 1693e and Regulation E Apply Only to Financial Institutions</u>

Loan Stop argues also that the first claim for relief should be dismissed because the stop payment provisions of 15 U.S.C. § 1693e, 15 U.S.C., and Regulation E (12 C.F.R. § 205.10(c)) apply only to "financial institutions" and not to third-party payees.  I agree.

Section 1693e is limited by its plain language to stop payment notifications issued to "the financial institution."  15 U.S.C. §1693e(a).  "Financial institution" is defined in the EFTA to mean "a State or National bank, a State or Federal savings and loan association, a mutual savings bank, a State or Federal credit union, or any other person who, directly or indirectly, holds an account belonging to a consumer."  15 U.S.C. §1693a(9).  An "account" is defined by the act as "a demand deposit, savings deposit, or other asset account."  <u>Id</u>. at §1693a(2).  Here, the Complaint identifies Loan Stop as the d/b/a for B&R Check Holders, Inc., a Colorado corporation.  Complaint [Doc. # 1] at ¶10.  There is no allegation or argument that Loan Stop is a financial institution within the meaning of the EFTA.

Similarly, Regulation E at 12 C.F.R. §205.3(a) provides that the stop payment provisions of § 205.10(c) apply to financial institutions.  Although other provisions of § 205.10 may be enforced against "any person," § 205.10(c) "applies to financial institutions."  12 C.F.R. §

205.3(a).

The plaintiff's argument that 15 U.S.C. §1693m "authorizes litigation against any 'person' who fails to comply with 'any provision' of the EFTA," Response [Doc. # 20] at p. 7, overlooks the introductory phrase.  In fact, § 1963m provides for liability of "any person" "**[e]xcept as otherwise provided** by this section and section 910 [15 U.S.C. § 1693h]. . . .  15 U.S.C. §1693m(a) (emphasis added).  Section 1693h(a)(3) limits liability to financial institutions for violations of the stop payment provisions concerning preauthorized transfers.  15 U.S.C. § 1693h(a)(3).

Nor do the cases cited by the plaintiff compel a different result.  Neither Suk Jae Chang v. Wozo LLC, 2012 WL 1067643 (D. Mass. Mar. 28, 2012), nor O'Brien v. Landers, 2011 WL 221865 (N.D. Ill. Jan. 24, 2011), involve claims based on the stop payment provisions of the EFTA.  The other case cited, Donovan v. CashCall, Inc., 2009 WL 1833990 *4 (N.D. Calif. June 24, 2009), concerned whether a plaintiff must "allege that they attempted to cancel their [electronic fund transfers] in accordance with the statute and were prevented from doing so" to assert a claim under §1693e(a).  It did not address the issue of whether the claim may be asserted against other than a financial institution.

The Motion to Dismiss [Doc. # 13] should be granted, and the first claim for relief should be dismissed, because the stop payment provisions of the EFTA and Regulation E are enforceable against financial institutions only and not against third-party payees such as Loan Stop.

C.  The Plaintiff Has Stated a Claim Under 15 U.S.C. § 1693l

Section 1693l, 15 U.S.C., provides:

> No writing or other agreement between a consumer and any other person may contain any provision which constitutes a waiver of any right conferred or cause of action created by this title [15 U.S.C. § 1693 et seq.]  Nothing in this section prohibits, however, any writing or other agreement which grants to a consumer a more extensive right or remedy or greater protection than contained in this title [15 U.S.C. § 1693 et seq.] or a waiver given in settlement of a dispute or action.

Here, the plaintiff asserts that the more restrictive stop payment provisions of the Authorization Agreement, requiring that a notice to stop payment be in writing and given not less than ten days in advance, constitutes a waiver of the stop payment provisions of 15 U.S.C. § 1693e(a), which allow for an oral notice not less than three days in advance.

Loan Stop's argument in support of dismissal of the second claim for relief is conclusory. Specifically, Loan Stop argues only that "nothing overrode, nullified, narrowed, or otherwise affected [p]laintiff's account held at her financial institution" and that "Loan Stop's Authorization Agreement for Direct Payments does not improperly waive a right conferred by the EFTA. . . ."  Motion to Dismiss [Doc. # 13] at p. 12.

The plaintiff would breach the Authorization Agreement if she attempted to stop payment of the preauthorized loan payments other than in writing and ten days in advance, whether or not her financial institution honored the notice.  In this way, the Authorization Agreement causes the plaintiff to waive her rights to the stop payment provisions of the EFTA.  In my view, this is sufficient to state a claim for a violation of 15 U.S.C. § 1693l.

V.

9

I respectfully RECOMMEND[2] that the Motion to Dismiss [Doc. # 13] be GRANTED IN PART and DENIED IN PART as follows:

• GRANTED insofar as it seeks dismissal of the plaintiff's first claim for relief (violation of 15 U.S.C. § 1693e(a) and Regulation E) because the stop payment provisions of the EFTA and Regulation E are enforceable against financial institutions only and not against third-party payees such as Loan Stop; and

• DENIED insofar as it seeks dismissal of the plaintiff's second claim for relief (violation of 15 U.S.C. § 1693l).

Dated October 1, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

[2]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.   A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).