IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 12-cv-01330-CMA-BNB

DANA BALDUKAS, Individually and on behalf of all others similarly situated,

 Plaintiff,

v.

B&R CHECK HOLDERS, a Colorado corporation, d/b/a LOAN STOP,

 Defendant.

---

**ORDER ADOPTING AND AFFIRMING OCTOBER 1, 2012
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This Electronic Fund Transfer Act ("EFTA") case was referred to United States

Magistrate Judge Boyd N. Boland pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72.

(Doc. # 6.)  On October 1, 2012, Judge Boland issued a Recommendation, advising the

Court to grant in part and deny in part "Defendant's Rule 12(b)(6) Motion to Dismiss with

Prejudice" (Doc. # 13).  (Doc. # 23 at 1.)  On October 15, 2012, both parties filed

Objections (Doc. ## 24 and 25), and they subsequently responded to each other's filing

on October 29, 2012 (Doc. ## 26 and 27).

When a magistrate judge issues a recommendation on a dispositive matter,

Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine de novo any part of

the magistrate judge's [recommended] disposition that has been properly objected to."

In conducting its review, "[t]he district judge may accept, reject, or modify the

recommended disposition; receive further evidence; or return the matter to the

magistrate judge with instructions."  *Id.*  Accordingly, the Court has conducted a *de novo*

review of this matter, including carefully reviewing all relevant pleadings,

the Recommendation, both parties' Objections to the Recommendation, and their

respective responses thereto.  For the reasons discussed below, the Court adopts

and affirms Judge Boland's Recommendation.[1]

## I.  DISCUSSION

### A.    PLAINTIFF'S OBJECTIONS

Plaintiff objects to Judge Boland's determination that the "stop payment

provisions of 15 U.S.C. § 1693e . . . and Regulation E (12 C.F.R. § 205.10(c)) apply

only to "financial institutions" and not to third-party payees such as Defendant.  (Doc.

# 25 at 4-6.)  However, the Court agrees with Judge Boland's analysis.

Section 1693e(a) states, in pertinent part, that "[a] consumer may stop payment

of a preauthorized electronic fund transfer by notifying the financial institution orally or in

writing at any time up to three business days preceding the scheduled date of such

transfer."  The EFTA defines "financial institution" as "a State or National bank, a State

or Federal savings and loan association, a mutual savings bank, a State or Federal

credit union, or any other person who, directly or indirectly, holds an account belonging

to a consumer."  15 U.S.C. § 1693a(9).  Under the statute, an "account" means

"a demand deposit, savings deposit, or other asset account . . . ."  *Id.* at § 1693a(2).

---

[1]   Judge Boland detailed the case's pertinent factual allegations in his recommendation (Doc. # 23 at 1-2); the Court will address them here only to the extent necessary to rule on the pending Recommendation and Objections.

Likewise, Regulation E indicates that the stop payment provisions of 12 C.F.R.

§ 205.10(c) only apply to financial institutions.  *See* 12 C.F.R. § 205.3(a).  Unlike other

provisions of § 205.10, which may be enforced against "any person," § 205.10(c)

"applies to financial institutions."  *Id.* at § 205.3(a).  The Complaint does not allege that

Defendant is a financial institution within the meaning of the EFTA.  (*See* Doc. # 1.)

In fact, as evidenced in the Complaint, Defendant, which is a payday loan company, is a

third-party payee in this case.  (*See id.*)

Plaintiff's assertion that "section 1693m of the EFTA authorizes litigation against

any 'person' who fails to comply with 'any provision' of the EFTA" does not compel a

contrary conclusion.  (Doc. # 25 at 6.)  Judge Boland addressed this argument and

correctly determined that Plaintiff had overlooked the introductory phrase of § 1693m,

which provides for liability of "any person" "except as otherwise provided by this section

and section 1693h of this title."  Section 1693h(a)(3) specifies that a "financial

institution" shall be liable for its "failure to stop payment of a preauthorized transfer

from a consumer's account when instructed to do so in accordance with the terms

and conditions of the account."  No similar liability exists for any other "person" under

§ 1693.  Moreover, as Defendant points out, "Section 1693m 'is not a basis of liability

under [EFTA], but simply an enforcement mechanism for other statutory provisions.'"

(Doc. # 26 at 2 (quoting *Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1094

(N.D. Cal. 2006)).)  As previously stated, the EFTA's stop payment provisions apply

only to "financial institutions" and not to third-party payees like Defendant.  Accordingly,

Plaintiff's Objection is overruled.

## B.     DEFENDANT'S OBJECTIONS

Defendant first objects to Judge Boland's determination that "the transaction at

issue falls within EFTA's definition of 'preauthorized electronic fund transfers.'"  (Doc.

# 24 at 1.)  The Court agrees with how Judge Boland analyzed this issue.  But, even if it

did not, reaching this alternative argument for dismissing Plaintiff's first claim would be

unnecessary, given the Court's concurrence with Judge Boland's recommendation to

dismiss the claim for the reasons discussed in Subsection A, *supra*.

Defendant further objects, however, as to Judge Boland's conclusion that Plaintiff

"stated a claim for violation of EFTA Section 1693*l*."  (*Id.*)  As Judge Boland noted,

§ 1693*l* provides, in pertinent part, that "[n]o writing or other agreement between a

consumer and any other person may contain any provision which constitutes a waiver of

any right conferred or cause of action created by this subchapter."  In contrast to the

"stop payment" provision of § 1693e(a), which applies only to financial institutions, the

plain language of § 1693*l* indicates that it applies to "any other person."  In its motion to

dismiss, Defendant failed to offer any argument – let alone a convincing one – as to why

Plaintiff's allegations were insufficient under this broad statutory language.  (*See* Doc.

# 13 at 12.)  Instead, Defendant merely asserted that "nothing in [its] Authorization

Agreement for Direct Payments required Plaintiff to waive her stop payment rights . . . ."

(*Id.*)  But that agreement, which provided authority for Defendant to trigger preauthor-

ized electronic fund transfers from Plaintiff's "Financial Institution" (*i.e.*, her bank), explicitly stated that it would "remain in full force and effect until [Defendant] and the subject Financial Institution have received **written notification** from [Plaintiff] of its termination . . . ." (Doc. # 1-2 (emphasis added).)  Such a requirement conflicts with § 1693e(a)'s provision for a consumer to stop payment of a preauthorized electronic fund transfer by "notifying the financial institution **orally** or in writing . . . ."  15 U.S.C. § 1693e(a) (emphasis added).  Accordingly, as Judge Boland aptly explained, Plaintiff validly alleged that "the Authorization Agreement causes . . . [her] to waive her rights to the stop payment provisions of the EFTA" by requiring her to notify her financial institution in writing of her desire to stop payment of a preauthorized electronic fund transfer.  (*See* Doc. # 23 at 9.)

The Court is unpersuaded by Defendant's assertion that the "Authorization Agreement does not constitute a waiver of Plaintiff's stop payment rights with [her bank] because it does not meet the standard for waiver . . . ." (Doc. # 24 at 5.)  Such an argument implicitly asks the Court to determine liability under § 1693*l*, which would be improper for the Court to do at the pleadings stage of this case.  *See, e.g.*, *Church v. Dana Kepner Co., Inc.*, No. 11-cv-02632, 2012 WL 4086517, at *3 (D. Colo. 2012). Whether the Authorization Agreement for Direct Payments contained a provision which constitutes a waiver of a right conferred under the EFTA will be resolved at trial or, potentially, on summary judgment.  For now, Plaintiff need only plead "enough facts

to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007).  The Court agrees with Judge Boland that she met this burden.

## II. <u>CONCLUSION</u>

For the foregoing reasons, it is ORDERED that the October 1, 2012

Recommendation of United States Magistrate Judge Boyd N. Boland (Doc. # 23)

is AFFIRMED and ADOPTED as an Order of this Court.  It is

FURTHER ORDERED that the Objections filed by Defendant and Plaintiff (Doc.

## 24 and 25, respectively) are OVERRULED.  Pursuant to the Recommendation, it is

FURTHER ORDERED that "Defendant's Rule 12(b)(6) Motion to Dismiss with

Prejudice" (Doc. # 13) is GRANTED as to Plaintiff's first claim for relief, which is hereby

DISMISSED WITH PREJUDICE, and DENIED as to Plaintiff's second claim for relief.

DATED:  March __08__, 2013

BY THE COURT:

Christine M Arguello

_____

CHRISTINE M. ARGUELLO
United States District Judge